

Signed and Filed: July 10, 2012

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No: 10-31887 TEC |
| DANIEL F. URIZA and ELIZABETH C. URIZA, | ) Chapter 13 |
| Debtors. | ) |

**MEMORANDUM RE DEBTORS' MOTION TO REQUIRE DANIEL WAGNER TO REFUND ATTORNEY'S FEES**

On May 24, 2010, Daniel Uriza and Elizabeth Uriza (Debtors) paid attorney Daniel I. Wagner (Wagner) $3,000 to prepare an emergency chapter 13 petition. The same day, Debtors filed the present chapter 13 case <u>in pro per</u> and without filing any schedules, a statement of financial affairs, or a chapter 13 plan (the "Chapter 13 Case").[1]

On May 25, 2010, the court entered an order requiring Debtors to file on or before June 8, 2010: Summary of Schedules (Official

---

[1] Although Debtors filed the petition <u>in pro per</u>, Wagner signed page 2 of the petition certifying that he informed Debtors that they may proceed under chapter 13 of the Bankruptcy Code, and that he provided Debtors with a copy of the notice required by section 342(b). Wagner did not sign page 3 of the petition as Debtors' attorney. Under these circumstances, Wagner was Debtors' attorney, because Debtors paid Wagner $3,000 for legal advice and legal services related to the Chapter 13 Case.

MEMORANDUM RE DEBTORS' MOTION
TO REQUIRE DANIEL WAGNER TO
REFUND ATTORNEY'S FEES          -1-

Form 6), Statistical Summary of Certain Liabilities (Official Form 6), Schedules A-J (Official Form 6), Declaration Concerning Debtor's Schedules (Official Form 6), Statement of Financial Affairs (Official Form 7), Statement of Current Monthly Income (Form B22), Chapter 13 Plan, and a Certificate of Pre-Petition Credit Counseling (collectively, the "Required Documents").[2]

On May 28, 2010, Debtors paid Wagner an additional $5,000 to prosecute the Chapter 13 Case, for a total of $8,000. However, Wagner did not file: (a) a statement re disclosure of compensation required by Rule 2016(b); and (b) an executed Rights and Responsibilities of Chapter 13 Debtors and Their Attorneys;[3] or an application for approval of compensation under section 330(a)(4)(B). Nor did Wagner take any care to see that Debtors filed the Required Documents.

On June 10, 2010, the court entered an order dismissing the Chapter 13 Case, because Debtors failed to file timely the Required Documents (the "June 10th Order"). Debtors did not file **any** of the Required Documents (including the pre-petition credit counseling certificates).

---

[2] The order was mailed to Debtors, but was not mailed to Wagner, because Wagner was not listed as Debtors' attorney of record in CM/ECF.

[3] The San Francisco Division has established guidelines for payment of attorney's fees in chapter 13 cases. Under these guidelines, the attorney for a chapter 13 debtor may receive an order approving fees and costs in a predetermined amount without filing an application for compensation pursuant to section 330. See http://www.canb.uscourts.gov/procedures/sf/guidelines-payment-attorneys-fees-chapter-13-cases. Seeking approval of compensation under these guidelines is optional. Debtor's attorney may seek approval of fees and costs in excess of the amounts specified in the guidelines by filing an application for compensation pursuant to section 330(a)(4)(B). In the Chapter 13 Case, Wagner received fees well in excess of the amounts specified in the guidelines.

**MEMORANDUM RE DEBTORS' MOTION
TO REQUIRE DANIEL WAGNER TO
REFUND ATTORNEY'S FEES** -2-

On June 25, 2010, Debtors filed a motion to vacate the June 10th Order (the "Motion to Vacate").

On August 4, 2010, the court entered an order denying the Motion to Vacate, because Debtors had not obtained pre-petition credit counseling from an approved agency as required by section 109(h), and Debtors were thus not eligible to be debtors in the Chapter 13 Case.

On August 13, 2010, the court entered an Order to Show Cause Re Disgorgement of Attorney's Fees, because it appeared that Wagner did not take care to ensure that Debtors obtained pre-petition credit counseling or an extension of time to obtain credit counseling (the "Order to Show Cause").[4]

On September 16, 2010, the court entered an order conditionally discharging the Order to Show Cause, provided that Wagner: (1) file a new bankruptcy case for Debtors; (2) file and serve a motion to extend the automatic stay as to all creditors in the new case; (3) file a Notice of Entry of Order re Attorney Fees and attach a copy of the September 16th Order in the new case; and (4) did not charge Debtors any additional attorney's fees to file or prosecute the new case without further order of the court (the "September 16th Order").

On November 3, 2010, Wagner filed a chapter 7 petition for Debtors, case number 10-34396 (the "Chapter 7 Case").

---

[4] In response to the Order to Show Cause, Wagner filed a declaration, executed under penalty of perjury, stating that Debtors paid him only $5,000 to handle their chapter 13 case. See Docket No. 24, pg. 1, ¶ 3. Wagner did not disclose that on May 24, 2010, Debtors paid him $3,000 to prepare their chapter 13 petition.

**MEMORANDUM RE DEBTORS' MOTION
TO REQUIRE DANIEL WAGNER TO
REFUND ATTORNEY'S FEES**            -3-

In the Chapter 7 Case, Wagner did not: (1) file and serve a motion to extend the automatic stay as to all creditors; or (2) file a Notice of Entry of Order re Attorney Fees and attach a copy of the September 16th Order.

Wagner also collected $400 from Debtors after the petition date in the Chapter 7 Case.[5] Wagner asserts that he collected the $400 as part of a gratuitous promise by Debtors to compensate him for legal services previously performed (unlawful detainer action, "Cash for Keys" program, and legal representation in other matters), and that he did not demand payment for these services.[6] See Decl. of Wagner, Docket No. 35. Debtors assert that Wagner demanded additional fees to file and prosecute the Chapter 7 Case, and that they continued to pay Wagner because they needed a discharge in that case. See Decl. Of Uriza, Docket No. 29.

Wagner's collection of the $400 from Debtors violated either the September 16th Order or the automatic stay and/or the discharge injunction in the Chapter 7 Case. If Wagner collected the $400 to file and prosecute the Chapter 7 Case, he violated the September 16th Order, because that order provided Wagner shall not charge Debtors any additional fees to prosecute the new case without

---

[5] Debtors paid Wagner $100 on January 7, 2011, February 7, 2011, March 12, 2011, and April 16, 2011.

[6] Emails sent by Wagner to Debtors do not support Wagner's assertion. In particular, on December 14, 2010 Wagner sent Debtors an email requesting to know when the Debtors would pay him an additional $1,799. The email stated in relevant part: "Your current balance is $1799. Dont [sic] think that this is a collection communication, I just need to know turnaround time because I have to fix my year end budget."

**MEMORANDUM RE DEBTORS' MOTION TO REQUIRE DANIEL WAGNER TO REFUND ATTORNEY'S FEES** -4-

further order of the court, and because the court never authorized Wagner to charge Debtors additional fees to file and prosecute the Chapter 7 Case. If Wagner collected the $400 as part of a gratuitous promise from Debtors to pay him for previously performed legal services, he violated the automatic stay and/or the discharge injunction by collecting on that promise,[7] because all of the legal services were performed by Wagner prior to the petition date in the Chapter 7 Case,[8] because Wagner did not specify any legal services that were performed for Debtors post-petition, and because Wagner demanded payment from Debtors.[9]

---

[7] Debtors filed the Chapter 7 Case on November 3, 2010, and Debtors received a discharge in the Chapter 7 Case on April 12, 2011.

[8] Wagner asserts that be provided additional legal services to Debtors separate and apart from the Chapter 7 Case. Specifically, Wagner asserts that he assisted Debtors with: (1) the unlawful detainer proceedings in San Mateo Superior Court; and (2) a "Cash for Keys" program to vacate property located at 2272 Kenry Way, South San Francisco, CA (the "Property"). Wagner does not identify any other legal services provided to Debtors.

All services related to the unlawful detainer proceedings necessarily would have occurred on or before October 5, 2010, because on August 31, 2010 the San Mateo Superior Court, in <u>Arch Bay Holdings v. Mandap</u>, Case No. CLJ202000: (a) entered a judgment by default for possession of the Property; and (b) issued a writ of possession for the Property, and because on October 5, 2010 the writ of possession was returned to the San Mateo Superior Court fully satisfied.

All services related to the "Cash for Keys" program necessarily would have occurred on or before September 19, 2010, because under the Cash for Keys Agreement & Release Debtors would receive $5,000 if they vacated the Property on or before September 19, 2010, and because Wagner provides no additional evidence to suggest that he performed services related to this program after September 19, 2010.

[9] <u>See</u> note 6; <u>see also</u> July 22, 2011 email sent by Wagner to Debtors stating in relevant part: "According to our agreement, you where [sic] to pay $1500 in increments of $100 every month until paid off. Ibelieve [sic] that you made three payments, leaving a balance of $1200. **Immediately pay the $200**. Also, if you and your

**MEMORANDUM RE DEBTORS' MOTION
TO REQUIRE DANIEL WAGNER TO
REFUND ATTORNEY'S FEES** -5-

On June 11, 2012, the court held a hearing on Debtors' motion to require Wagner to refund attorney's fees. James A. Michael appeared for Debtors. Wagner appeared in pro per.

Upon due consideration, because Wagner received $8,000 to prepare and prosecute the Chapter 13 Case, because Wagner did not take care to ensure that Debtors timely filed the Required Documents in the Chapter 13 Case (including the pre-petition credit counseling certificates), because the Chapter 13 Case was dismissed due to Debtors' failure to file the Required Documents, because Wagner was Debtors' attorney in the Chapter 13 Case, because Wagner did not obtain an order from this court approving his fees in the Chapter 13 Case, because Wagner did not fully comply with the September 16th Order, and because Wagner collected $400 from Debtors either in violation of the September 16th Order or in violation of the automatic stay and/or the discharge injunction in the Chapter 7 Case:

(1) The Order to Show Cause is not discharged.

(2) Wagner is in civil contempt for willful violation of the September 16th Order (Docket No. 25).

(3) On or before July 26, 2012, Wagner shall mail to the United States Bankruptcy Court, The Honorable Thomas E. Carlson, 235 Pine Street, 19th Floor, San Francisco, CA 94104 a cashier's check in the amount of $8,400 payable to the order of Daniel F. Uriza and Elizabeth C. Uriza for fees received in the Chapter 13

---

husband are doing better financially, I would be willing to settle your account for as [sic] payment of $800 today, if not, please pay the outstanding balance." (Emphasis added).

**MEMORANDUM RE DEBTORS' MOTION TO REQUIRE DANIEL WAGNER TO REFUND ATTORNEY'S FEES** -6-

Case and the Chapter 7 Case. The court will forward the check to Debtors.

(4) If Wagner does not purge his contempt by timely and fully complying with paragraph (3) of this memorandum, then beginning on July 27, 2012, Wagner shall be sanctioned $250 per day until he fully complies with paragraph (3) of this memorandum.

**\*\*END OF MEMORANDUM\*\***

## Court Service List

Daniel F. Uriza
5025 Donatello Ct
Fairfield, CA 94534

Elizabeth C. Uriza
5025 Donatello Ct
Fairfield, CA 9453

Law Offices of Daniel I. Wagner
Attn: Daniel Wagner
11400 W Olympic Blvd. 2nd Fl.
Los Angeles, CA 90064

Law Offices of Daniel I. Wagner
Attn: Daniel Wagner
1875 Century Park E #1460
Los Angeles, CA 90067

State Bar of California
180 Howard Street
San Francisco, CA 94105